Hector Roman, Esq
Law Office of Hector M. Roman, P.C.
Of Counsel to Law Office of Jaspreet Singh
37-18 73rd Street, Suite 401
Jackson Heights, NY 11372
(718) 533-8444; Fax (718) 533-8460
hroman@roman-law.org
Attorney for Defendant

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Harjit Singh** And **Janki Kaur** | Civ. No._____ Case: 1:15-cv-05372-ALC |
| Plaintiffs, | |
| v. | |
| **Manjit Singh G.K.,** President, Delhi Sikh Gurudwara Management Committee "DSGMC"; President Shiromani Akali Dal-Badal "SAD-Badal", Delhi Chapter | |
| Defendants | |

## ANSWER AND DEFENSES OF DEFENDANT MANJIT SINGH

Defendant Manjit Singh, G.K. ("Singh"), for its answer to the Complaint dated July 10, 2015 and filed July 10, 2015 ("Complaint"), states as follows:

1. The Defendant denies the allegations contained in paragraph 1 of the complaint. Defendant Singh did not use any form of Torture to secure electoral victory to gain control of Delhi Sigh Gurdwara Management Committee (DSGMC).

2. The Defendant denies the allegations contained in paragraph 2 of the complaint. Singh and the DSGMC has nothing to do with law enforcement in Delhi. Singh is the President of a body of which manages Sikj Gurdwaras in Delhi. They have no such powers. Singh is not an elected legislator or Minister or officer in the Government of Delhi or Punjab States in India. The Defendant has nothing to do with the Governments of Punjab and Delhi states. In Delhi State the Government is of "Aam Aadmi Party " ( AAP ) which is in opposition to Shiromani Akali Dal Party to whom Singh is a member to. Prior to that the Government was of Congress Party ("CP") which is also in opposition to Shiromani Akali Dal Party ("SAD").

3. The Defendant denies the allegations contained in paragraph 3 of the complaint. Furthermore, assuming *arguendo* as to the allegations in Plaintiffs paragraph 3, the implications of the said allegations are impossible. Delhi is a separate State and Punjab is a separate state. Punjab police has no authority or jurisdiction to operate or function in Delhi. Delhi state has its own police force and similarly Punjab state has its own police force.

4. The Defendant denies the allegations contained in paragraph 4 of the complaint. Defendant was simply elected to the DSGMC because he is very popular with the Sikh people in Delhi.

5. The Defendant denies the allegations of Paragraph 5 as they relate to it, and only

admits that Defendant is the President of Delhi Gurudwara Management Committee "DSGMC." The ( DSGMC ) is a statutory body which is created through the act of Indian Parliament to manage Sikh Gurdwaras in Delhi. It has no control or influence over the Delhi Police, Delhi Administration or Delhi Government. The Delhi Government is run by AAP and before that previously it was run by the CP for fifteen years. Both the AAP and the CP are in direct opposition to the SAD, to which the defendant belongs to. The Defendant is not an elected legislator, Member of Parliament or any other elected or nominated government official.

6. The Defendant denies the allegations contained in paragraph 6 of the amended complaint.

7. The Defendant denies the allegations of Paragraph 7 as they relate to it, and only admits that Defendant's organization has a role in the Sikh community, and states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to any other allegations made thereto.

8. The Defendant denies the allegations contained in paragraph 8 of the complaint.

9. The Defendant denies the allegations contained in paragraph 9 of the complaint. Singh denies that the Plaintiffs suffered torture cruel or inhuman treatment, as caused, ordered, commanded or perpetrated by him or by his agents controlled by him. He does not in any way control the Delhi Police or Delhi Government. He is not an elected legislator or officer of Delhi Government.

10. The Defendant denies the allegations contained in paragraph 10 of the complaint. Defendant Singh denies that the Plaintiff Harjit Singh was tortured, physically or mentally at the

behest of orders or commands of the defendant between 2012 and 2015. In 2012 Defendant was not even elected as the President of DSGMC. He was elected as president of DSGMC in 2013. In 2012 , the DSGMC was controlled by " Sarna " Brothers who were very close to the Congress Party which controlled the Delhi State Government and as well as the Central Government of India. Delhi is also the Capitol of India.

11. The Defendant denies the allegations contained in paragraph 11 of the complaint.

12. The Defendant denies the allegations contained in paragraph 12 of the complaint. Defendant never ever told anyone to Grope and sexually harass the Plaintiff Janki Kaur.

13. The Defendant denies the allegations of Paragraph 13 as they relate to it, admits that Defendant is a male, native and citizen of India and having a leadership role in SAD-Badal and DSGMC, and denies that the Defendant has "great" power and influence over the police and administration.

14. The Defendant denies the allegations contained in paragraph 14 of the complaint.

15. The Defendant denies the allegations contained in paragraph 15 of the complaint.

16. The Defendant denies the allegations contained in paragraph 16 of the complaint.

17. The Defendant neither admit nor deny the allegations contained in paragraph 17 of the complaint as these allegations merely recite legal conclusions and Defendants reserve the right to refer to the cites statues and regulations for their true terms and conditions at the time of trial.

18. The Defendant denies the allegations contained in paragraph 18 of the complaint. The Defendant was not properly served with the Summons and Complaint the state of New York.

19. The Defendant neither admit nor deny the allegations contained in paragraph 19 of the complaint as these allegations merely recite legal conclusions and Defendants reserve the right to refer to the cites statues and regulations for their true terms and conditions at the time of trial.

20. The Defendant lacks sufficient knowledge or information to determine the truth of the allegation in paragraph 20 of the amended complaint.

21. The Defendant lacks sufficient knowledge or information to determine the truth of the allegation in paragraph 21 of the amended complaint.

22. The Defendant denies the allegations contained in paragraph 12 of the complaint.

23. The Defendant lacks sufficient knowledge or information to determine the truth of the allegation in paragraph 23 of the amended complaint.

24. The Defendant lacks sufficient knowledge or information to determine the truth of the allegation in paragraph 24 of the amended complaint.

25. The Defendant neither admit nor deny the allegations contained in paragraph 25 of the complaint as these allegations merely recite legal conclusions and Defendants reserve the right to refer to the cites statues and regulations for their true terms and conditions at the time of trial. Moreover,

26. The Defendant denies the allegations contained in paragraph 26 of the complaint.

27. The Defendant denies the allegations contained in paragraph 27 of the complaint.

28. The Defendant denies the allegations contained in paragraph 28 of the complaint.

29. The Defendant neither admit nor deny the allegations contained in paragraph 29 of the complaint as these allegations merely recite legal conclusions and Defendants reserve the

right to refer to the cites statues and regulations for their true terms and conditions at the time of trial.

30. The Defendant denies the allegations contained in paragraph 30 of the complaint.

31. The Defendant denies the allegations contained in paragraph 31 of the complaint.

32. The Defendant denies the allegations contained in paragraph 32 of the complaint.

33. The Defendant denies the allegations contained in paragraph 33 of the complaint.

34. The Defendant denies the allegations contained in paragraph 34 of the complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Singh asserts the following affirmative and other defenses. In asserting those defenses, Singh does not assume the burden of proof with respect to any issue as to which applicable law places the burden of proof upon plaintiffs.

## FIRST DEFENSE

The Court lacks subject matter jurisdiction over this action.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Improper Service. The Defendant was never actually served pursuant to the Federal Rules of Civil Procedure and or the New York Civil Practice Law and Rules.

## FOURTH DEFENSE

This action raises non-justiciable political questions.

## FIFTH DEFENSE

This action raises questions on which it is appropriate for the Court to give case-

specific deference to the views of the executive branch and the Indian government.

### SIXTH DEFENSE

The claims asserted in the Complaint are barred under the doctrine of Foreign Affairs Preemption.

### SEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of *forum non conveniens*, which requires their claims to be litigated in another forum particularly under the jurisdiction the Indian government.

### EIGHTH DEFENSE

Plaintiffs lack standing to assert some or all of their claims.

### NINTH DEFENSE

Persons other than Defendants bear responsibility for the acts alleged in the Complaint.

### TENTH DEFENSE

The claims asserted against Singh are barred, in whole or in part, because Singh did not owe or breach a legal duty to plaintiffs.

### ELEVENTH DEFENSE

Singh's acts were not the cause of the alleged injuries suffered by plaintiffs because all or a portion of the alleged damages resulted from persons other than Singh, and from causes other than the alleged acts or omissions of Singh.

### TWELFTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Singh has operated his

organization in full compliance with the applicable laws and regulations.

### THIRTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because they have failed to establish, by stating with specificity, that Plaintiff's actually suffered persecution under the TVPA.

### FOURTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

### FIFTEENTH DEFENSE

Plaintiffs are not entitled to a jury trial on some or all of their claims.

### SIXTEENTH DEFENSE

Plaintiffs' claims are barred by the statute of limitations.

### SEVENTEENTH DEFENSE

Defendant is not an individual who under the actual or apparent authority or color of law subjected an individual to torture. Defendant is not an individual who under the actual or apparent authority or color of law subjected an individual to the allegations of torture.

### EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to exhaust their adequate remedies in India.

India is a Democracy. The judiciary and courts are not under the control of executive branch of government in India. Judiciary is independent in India. The Indian constitution and Indian laws do not grant immunity or impunity to Human rights

violators. Moreover, upon information and belief, Plaintiffs Harjit singh and Janki Kaur have failed to exhaust their adequate remedies in India. Particularly, but not limited to, the Plaintiffs failed to file any complaint, grievance, or case with the Delhi Police or Delhi Courts against the Defendant.

## NINETEENTH DEFENSE

Plaintiffs failed to join indispensable parties.

## TWENTIETH DEFENSE

Plaintiffs' claims under the TVPA are barred because plaintiffs were not tortured within the meaning of the TVPA.

## TWENTY-FIRST DEFENSE

Under the Act of State doctrine, Plaintiffs cannot recover damages arising out of official government acts.

## TWENTY-SECOND DEFENSE

Under the facts and circumstances of this case, allowing this case to proceed violates the principles of due process.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to establish the Defendant's alleged acts were committed at the time in which he acted under actual or apparent authority or color of the law for the Indian government.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to establish the Defendant's alleged acts were committed whilst Plaintiffs were in the Defendant's custody or

physical control.

      **WHEREFORE**, Defendant demands that the Plaintiff's Complaint be dismissed in its entirety and for such other and further relief as this Court deems just and proper.

Dated: Jackson Heights, New York

      July 28, 2015                           Hector M. Roman, Esq
                                              Of Counsel to Law office of Jaspreet Singh

By: _____
Hector M. Roman (HR3196)
Of Counsel to Law Office of Jaspreet Singh
Attorneys for Defendant
37-18 73rd Street, Suite 401 Jackson Heights, NY 11372
Tel: 718.533.8444
Fax: 718.533.8460
Email: hroman@roman-law.org

To:
Babak Pourtavoosi, Esq
Law Offices of Babak Pourtavoosi P.C.
Of counsel to Pannun the Firm, PC
75-20 Astoria Blvd, Suite 170
Jackson Heights, NY 11370
Tel.:   718 672-8000
Fax.:   718 732-4514
babakpacer@gmail.com
Attorney for Plaintiffs

## ATTORNEY VERIFICATION

Hector M. Roman, an attorney duly admitted to practice before the Courts of this State and associated with the attorney of record for the Defendant Manjit Singh GK, affirms under the penalties and perjury that: I have read the foregoing Answer and the same is true of my knowledge, except as to matters therein stated on information and belief and as to those matters I believe them to be true; that the grounds of his belief as to all matters not stated upon my knowledge are communications and/or correspondence other writing furnished to me by Defendant and consultations with the Defendant and that the reason why the verification is not made by Defendant is that Defendant does not reside or have a place of business in the County where the office is located.

Dated: Jackson Heights, NY

July 30, 2015

_____

Hector M. Roman (HR3196)

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
)ss.:
COUNTY OF QUEENS )

HOMDAT KRIS MISRA, being duly sworn, deposes and says:

I am not a party to the action. I am over 18 years of age and reside in Queens County, New York.

On July 30, 2015, I served the within Answer to Plaintiffs by depositing a true copy thereof, enclosed in a post paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within the State of New York, via regular mail addressed to each of the following persons at the last known address set forth after each name:

> Babak Pourtavoosi, Esq
> Law Office of Babak Pourtavoosi P.C.
> Of Counsel to Pannun the Firm, P.C.
> 75-20 Astoria Blvd, Suite 170
> Jackson Heights, NY 11372

_____
HOMDAT KRIS MISRA

Sworn to before me this
30 day of July, 2015

_____
Notary Public

> Hector M Roman
> Notary Public, State of New York
> No. 02RO6255942
> Qualified in Queens County
> Commission Expires 02/21/2018

\\Server\wp\Litigation\Manjit Singh Gill adv Harjit Singh\Affidav Ser.Reg.wpd