Babak Pourtavoosi, Esquire,
Law Offices of Babak Pourtavoosi PC
Of counsel to Pannun The Firm, PC
75-20 Astoria Boulevard, Suite 170
Jackson Heights, NY 11370
(718) 672-8000; Fax: (718) 732-4514
babakpacer@gmail.com
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

| | |
|---|---|
| **Harjit Singh** )<br>and )<br>**Janki Kaur** )<br> )<br>victims of torture )<br> )<br>**Plaintiffs** )<br> )<br> )<br>v. )<br> )<br>**Manjit Singh G.K.**, )<br>President, Delhi Sikh Gurudwara )<br>Management Committee "DSGMC"; )<br>President Shiromani Akali Dal-Badal )<br>"SAD-Badal", Delhi Chapter )<br> )<br>**Defendant** )<br>_____) | Civ. No. 1:15-cv-05372-ALC |

**PLAINTIFFS' REPLY TO DEFENDANT'S BRIEF ON PERSONAL AND SUBJECT MATTER JURISDICTION**

Plaintiffs maintain that Defendant's position is flawed and there exists personal jurisdiction and subject matter jurisdiction as well as standing to sue in this case by Plaintiffs over the Defendants.

1

Defendant wrongfully maintains that there is insufficient evidence of physical presence or domicile of the Defendant in the forum state. Plaintiffs have maintained that Defendant not only was physically present in the forum state sufficiently to justify his service with the summons and complaint as well as complying with fundamental due process principles regarding his being halled into court in the forum state. There are sufficient minimum contacts in the case at bar, including the admission that Defendant was visiting New York and physical presence in the forum state at the time. The purpose of Defendant's visit was the underlying reason for the contacts, as it is Plaintiffs' understanding that Defendant was involved in significant business activities.

Plaintiffs have a viable claim under the Torture Victims Protection Act (TVPA) and therefore have federal question jurisdiction as there is an actual dispute between parties whether Defendant did commit or direct atrocious acts of human rights violations and torture against Plaintiffs. Extraterritorial application of the statute is correct in this instance as this court has the authority to adjudicate violations of the statute occurring in India under the Alien Tort Statute. Plaintiffs make sufficient reference, contrary to Defendant's statements, that they were tortured by him or at his direction and significant human rights abuses occurred. The complaint is replete with references, supplemental material references, data, and public news references to support the claims therein. Further, the discovery

process will reveal numerous factual data sources that will sustain a positive finding at trial in favor of Plaintiffs. Defendant, other than asserting bold and baseless accusations, makes no plausible legal argument in support of the notion that the federal question doctrine does not apply. Therefore, subject matter jurisdiction is present in this instance.

Defendant is incorrect in his sworn statement that he and DSMGC are not state actors or affiliated with government in India. The complaint and plaintiffs' brief shows that the Defendant and DSMGC are government acts pursuant to statutory authority in India sanctioned by law with certain powers and obligations and such will be further revealed during available discovery in this matter. Plaintiffs are confident such evidence will support a positive finding upon trial of this matter.

Defendant is incorrect in Plaintiffs alleged failure to exhaust administrative remedies as it is apparent from the nature of Plaintiffs' complaint that such attempts would be futile. Plaintiffs acknowledged Defendant's ties in India are immense and such attempts to pursue justice in the government and under the laws and courts of India would be impossible given the state of corruption the country is in. Plaintiffs only option to obtain justice under the law was with this action.

Defendant is incorrect in stating that Plaintiffs have failed to prove torture under the law. Plaintiffs have described in detail in their complaint the horrific acts

3

of human rights abuses and tortures committed by or at the direction of Defendant and Plaintiffs maintain that Defendant is completely responsible for their physical and mental suffering. Such claims are provable at trial of this action and subsequent to applicable disclosure and discovery procedural requirements. Plaintiffs are confident in being able to meet their burden of proof and establish such claims for a positive finding after trial of this matter.

Consequently, Plaintiffs submit there are applicable grounds to find Defendant's attempts are incorrect and there is applicable personal jurisdiction and subject matter jurisdiction over Defendant and the claims herein in this action.

Moreover, Defendant has no basis in law or fact herein to demand shifting of attorney's fees and such claims should be completely denied.

## CONCLUSION

For the foregoing reasons it is respectfully requested that this honorable court enter an order finding that personal and subject matter jurisdication exist in this case, denying Defendant's request for dismissal and for attorney's fees, and ordering the clerk of the court to set a date for a conference for the parties to submit proper disclosures and discovery in accordance with the Federal Rules of Civil Procedure, and for other relief this court deems just and proper.


Dated: April 25, 2016                      ___/s/Babak Pourtavoosi,_____
                                             Babak Pourtavoosi, Esquire,
                                             75-20 Astoria Boulevard, Suite 170
                                             Jackson Heights, NY 11370
                                             (718) 672-8000; Fax: (718) 732-4514
                                             babakpacer@gmail.com
                                             Attorney for Plaintiffs

# **CERTIFICATE OF SERVICE**

I, Babak Pourtavoosi, Esq., hereby certify that a copy of the within Plaintiffs' Reply To Defendant's Brief on Personal and Subject Matter Jurisdiction, have been forwarded via ECF to the following and certify such has ability to receive ECF:

Hector Roman, Esq.
Law Office of Hector Roman, P.C.
Of Counsel to Law Office of Jaspreet Singh
37-18 73rd Street, Suite 401
Jackson Heights, NY 11372
Attorneys for Defendant

Dated: April 25, 2016

_____/s/ Babak Pourtavoosi, Esq._____

Babak Pourtavoosi, Esq.